Maurice SHANNON et al.

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.**

Civ. A. No. 69–197.

United States District Court, E. D. Pennsylvania.

June 16, 1977.

Michael Churchill, Philadelphia, Pa., for plaintiffs.

Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., William F. Hall, Jr., Regional Counsel, Dept. of Housing and Urban Development, Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

This is an appeal by plaintiffs from the Clerk's taxation of costs. We have previously considered and denied plaintiffs' motion for counsel fees under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. (1970), as amended, (Supp. IV, 1974). See Shannon v. U. S. Department of Housing & Urban Development, 409 F.Supp.

1189 (E.D.Pa.1976). Plaintiffs now ask that we award counsel fees pursuant to "The Civil Rights Attorney's Fees Awards Act of 1976", ("Fees Awards Act"), an amendment to 42 U.S.C. § 1988, adopted on October 19, 1976. The amendment provides, *inter alia*, for the award of counsel fees as part of the costs in an action, as this suit is, to enforce Title VI of the Civil Rights Act of 1964.

■ We must first consider whether the finality of our previous decision and plaintiffs' failure to appeal prevents us from considering the present petition. We think not. In our last opinion, we considered only the recoverability of attorneys' fees under Title VIII, which did allow them in certain actions under that Title. We held that this was not one of those actions. Here, on the other hand, we are faced with a question of whether attorneys' fees are recoverable as part of costs in an action to enforce Title VI. Since we still have before us plaintiffs' exceptions to the Clerk's ruling on other costs, and since the Fees Awards Act was promulgated after we originally considered attorneys' fees, we believe there is "reason justifying relief from the operation" of the order denying attorneys' fees. *See* F.R. Civ.P. 60(b)(6).

■ Turning to the merits of plaintiffs' petition, we have concluded that the award of attorneys' fees is barred by the doctrine of sovereign immunity. Before 1966, the United States was liable for fees and costs only when such liability was expressly provided for by an act of Congress, 28 U.S.C. § 2412. That section was amended in 1966, to permit the recovery of costs unless specifically forbidden by statute. However, Congress explicitly excluded "the fees and expenses of attorneys" from the costs recoverable under § 2412. Thus, Section 2412 stands as an explicit assertion of sovereign immunity as respects the fees and expenses of attorneys. *See Alyeska Pipeline Service Company v. Wilderness Society et al.*, 421 U.S. 240, 268 n. 42, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Natural Resources Defense Council, Inc. v. Environmental Protection Agency*, 168 U.S.App.D.C. 111, 512 F.2d 1351 (1975).

In *Alyeska*, speaking of the allowance of attorneys' fees against the government, the Court said, 421 U.S. at pages 267–268, 95 S.Ct. at page 1626:

"... But § 2412 on its face, and in light of its legislative history, generally bars such awards, which, if allowable at all, must be expressly provided for by statute, as, for example, under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b)."

Title II to which the Court referred provides:

"(b) In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, and *the United States shall be liable for costs the same as a private person.*" 42 U.S.C. § 2000a–3. (Emphasis added).

There are other instances of Congress' awareness of the necessity of clear language to waive sovereign immunity. Title 42 U.S.C. § 2000b–1 provides:

"In any action or proceeding under this subchapter the United States shall be liable for costs, including a reasonable attorney's fee, the same as a private person."

Title 42 U.S.C. § 2000e–5(k) states:

"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and *the United States shall be liable for costs the same as a private person.*" (Emphasis added).

The unequivocal language to which the Court adverted in *Alyeska* and that contained in the statutes quoted above is in stark contrast to the silence of the Fees Awards Act. It may be that the lack of specificity was a Congressional oversight or it may have been deliberate. If the former, the correction must be made by Congress. It cannot be made by the court. If the latter, we are bound by it.

... ... by the limitations of ... ... to make it even more ... ... Time and expenses of ... ... were specifically excluded.

... the Wage Awards Act of any avail ... ... Its only reference to costs is ... ... of attorneys' fees as costs ... ... to a private party. Plaintiffs' ... ... and expenses, therefore, ... ... the boundaries of ...

... ... ... LABORATORIES ... ... French Laborato-... ... ... Inc., & Live Corp., Plain-... ...

v.

... ... SPLENDOR, her ... ... tackle, etc., and Hellenic ... ... Defendants.

No. 70 Civ. 4663.

United States District Court, E.D. New York.

June 16, 1977.

